FILED

2015 Mar-18  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LORETTA MAXINE MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:13-cv-01895-SGC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The plaintiff, Loretta M. Malone, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). Ms. Malone timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). After consideration of the record and for the reasons stated below, the court is of the opinion that this action is due to be **AFFIRMED**.

## I. FACTUAL BACKGROUND

Ms. Malone initially filed an application for benefits on September 19, 2011, alleging a disability onset date of April 10, 2010 (R. 58, 117),[1] due to glaucoma which has resulted in a complete loss of vision in her left eye. (R. 44, 157).[2] After the Social Security Administration ("SSA") denied her

---

[1] Reference to a record number ("R. ___ "), refers to the page number in the bound physical copy of the transcript of the entire record of the proceedings.

[2] Plaintiff amended her alleged onset date to May 15, 2012 (R. 36, 140) due to questions regarding her receipt of unemployment compensation through that date. (R. 40). The Administrative Law Judge determined that plaintiff's unemployment benefits actually ended in 2011, that plaintiff worked briefly in 2011, and that plaintiff had not engaged in substantial gainful activity since her original alleged onset date of April 2010. (R. 26).

application, she requested a hearing before an Administrative Law Judge ("ALJ"), which was held June 19, 2012. (R. 34). After the hearing, the ALJ found that plaintiff did not have an impairment or a combination of impairments listed in or medically equivalent to one listed in the Listings of Impairments. (R. 27); *see* 20 C.F.R. § 404.1520(d). The ALJ further found plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, limited only by no climbing of ladders, ropes, and scaffolds, no workplace hazards such as moving machinery or unprotected heights, and no jobs which require "far visual definition." (R. 27). The ALJ determined plaintiff could not return to her past relevant work but could perform other jobs that exist in significant numbers in the national economy. (R. 29). In light of these findings, the ALJ denied plaintiff's request for a period of disability and DIB on August 9, 2012. (R. 30).

The decision of the ALJ became the final decision of the Commissioner on August 8, 2013, when the Appeals Council denied review of the ALJ's decision. (R. 1). Plaintiff then filed an appeal in this court on October 14, 2013, seeking reversal or remand of the Commissioner's decision. (Doc. 1; Doc. 10 at 10). On April 10, 2014, the parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 11).

### A. Plaintiff's Medical Records

Plaintiff is followed for vision problems by an optometrist, Dr. Ann Chastain. (R. 200-201). In October 2011, Dr. Chastain recorded that plaintiff was legally blind in her left eye with corrected vision of 20/20 in her right eye. (R. 200). However, Dr. Chastain also noted plaintiff was losing vision in her right eye. (R. 201).

Dr. Dwight Luckett and Dr. Christopher Cole with Central Health Care-Athens are plaintiff's treating physicians. Their records reflect that plaintiff is followed for high blood pressure,

hyperlipidemia, and insomnia. (R. 207-226). Beginning in November 2011, the diagnoses of diabetes was added. (R. 227-232, 234-235). On July 24, 2012, Dr. Cole wrote a letter "To Whom It May Concern" stating plaintiff:

> has a diagnosis of blindness in her left eye and low vision in her right eye. It is my medical opinion, she would be limited to fulltime employment at the sedentary level due to her medical condition.

(R. 239).

### B. Plaintiff's Testimony

On the date of her hearing, plaintiff was fifty-six years old, having been born June 7, 1956. (R. 38). She completed the twelfth grade but did not receive a high school diploma. (R. 39). Plaintiff had a valid driver's license but drove "very little" due to her eyesight. (R. 39). Although plaintiff left her previous job because the company went out of business, prior to that she had limitations because of her eyesight. (R. 41, 43). Due to glaucoma, she first had problems with her vision in 2010, which progressively worsened until she lost vision in her left eye completely. (R. 44). Although she has been diagnosed with diabetes, plaintiff testified she had no limitations associated with the diagnosis. (R. 45). Plaintiff's high blood pressure was well under control until she began having problems with glaucoma and diabetes. (R. 45).

On a typical day, plaintiff gets up, fixes breakfast, and sits around the house. (R. 48). She reads the newspaper and visits with her grandchildren several days a week. (R. 48-49). She does most daily household chores but does not cook because of her eyesight. (R. 49, 53). She occasionally uses a computer to check her email. *Id*. Plaintiff alleged she sometimes has problems with depth perception when reaching for something. (R. 50-51). Plaintiff further testified she had recently developed tingling in the bottom of her feet when walking. (R. 52). At the time of her hearing, Plaintiff had scheduled

an appointment to test this sensation.  (R. 52).

### C.  Vocational Expert Testimony

During the hearing, a vocational expert ("VE") testified that plaintiff's prior work was in the semi-skilled range with exertional levels of light to heavy.  (R. 54).  When asked whether a person such as the plaintiff, with a high school education, who could perform a full range of work at all exertional levels, limited by visual deficits, blindness in the left eye, no climbing of ladders, ropes, or scaffolds, and no exposure to workplace hazards such as unprotected heights and moving machinery, could return to plaintiff's past relevant work, the VE responded "No," but did identify jobs such as house parent, hand packager, and laundry laborer, all at the medium level, which fit the given description.  (R. 54-55).  A limitation of no jobs which require "far visual definition" did not change the jobs identified.  (R. 55-56).  A limitation on near vision would eliminate the house parent job but not the other two.  (R. 56).

### II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, the court "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied."  *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)) (internal quotations and other citation omitted).  "The Commissioner's factual findings are conclusive if supported by substantial evidence."  *Wilson*, 284 F.3d at 1221 (citing *Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)).

Conclusions of law are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin*, 894 F.2d at 1529).

## III. DISCUSSION

### A. The Five-Step Evaluation

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability and DIB. *See* 20 C.F.R. § 404.1520(a)(1)-(2); *Bowen v. City of New York*, 476 U.S. 467, 470 (1986). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).[3] If the claimant is engaged in substantial

---

[3] 20 C.F.R. § 404.1572 defines "substantial gainful activity" as:

(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

gainful activity, the Commissioner will find the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience.  20 C.F.R. § 404.1520(b).

Here, the ALJ found plaintiff had not engaged in substantial gainful activity from her alleged onset date through the date of his decision.  (R. 26).

## 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(a)(4)(ii), (c).  A claimant must provide "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. § 404.1508.  A physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  *Id.*

The burden is on the claimant to "provide medical evidence showing ... impairment(s)" and the severity of them during the time the claimant alleges disability.  20 C.F.R. § 404.1512(c).  An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities."[4]  *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. § 404.1520(c).  "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a

---

[4]  Basic work activities include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers, and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b)(1)-(6).

minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523.

The ALJ found that plaintiff had the following severe impairment: glaucoma with left eye blindness. (R. 26). The ALJ found plaintiff's hypertension to be a non-severe impairment because she did not allege any limitations from hypertension and her medical records indicated it was controlled. (R. 26). Plaintiff's diabetes diagnosis was found not to meet the durational requirement, and her medical records did not reflect any resulting limitations which could reasonably be expected to have more than a minimal effect on her ability to do basic work activities. (R. 26-27).

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 404.1520 (d); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 (the Listings). If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d). The claimant has the burden of proving that her impairment meets or equals the criteria contained in one of

the Listings.  *Reynolds–Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[5]

Here, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled any Listing.  (R. 27).  The ALJ specifically considered whether plaintiff's loss of vision and glaucoma met or equaled Listings 2.02, 2.03, or 2.04 but found they did not.  (R. 27).

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment does not meet or equal the criteria of any Listing, the claimant must prove that her impairment prevents her from performing her past relevant work.  *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f).  At step four, the Commissioner "will first compare [the Commission's] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work."  20 C.F.R. § 404.1560(b).  "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it."  20 C.F.R. § 404.1560(b)(1).  If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled. 20 C.F.R. § 404.1560(b)(3).

Here, the ALJ found plaintiff could not return to her past relevant work but retained the residual functional capacity to perform a full range of  work at all exertional levels, except she should avoid unprotected heights, moving machinery, ladders,  ropes, and scaffolding and was limited to jobs which required no far visual definition.  (R. 27).

---

[5] Eleventh Circuit Rule 36–2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it.  *Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.*" 11th Cir. R. 36–2 (emphasis added).

### 5.  Other Work in the National Economy

If the claimant establishes an inability to perform her past relevant work, the Commissioner must show the claimant – in light of her RFC, age, education, and work experience – is capable of performing other work existing in substantial numbers in the national economy. *Reynolds–Buckley,* 457 F. App'x at 863-864; *see also* 20 C.F.R. § 404.1560(c)(1).  The regulations provide:

> If we find that your residual functional capacity does not enable you to do any of your past relevant work ... we will use the same residual functional capacity assessment when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and the vocational factors of age, education, and work experience.... Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. § 404.1520(g).

The ALJ consulted a VE to determine whether any jobs exist in the national economy that plaintiff, considering her RFC and her vocational factors, could perform.  Relying on that testimony, the ALJ determined "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  (R. 29).

### B.    Ms. Malone's Claim -- Whether the ALJ's RFC Findings are Based on Substantial Evidence:

Plaintiff contends the ALJ erred in rejecting the opinions of plaintiff's treating physicians because they lacked specificity.  (Doc. 10 at 7).  Plaintiff focuses on the post-hearing opinion of Dr. Cole that plaintiff would be limited to sedentary jobs because of her vision.  (Doc. 10 at 6).  The ALJ considered this opinion of Dr. Cole but found his July 24, 2012 letter lacked any functional limitations which would limit plaintiff to sedentary work and noted that Dr. Cole did not treat plaintiff for glaucoma.

(R. 28).  The ALJ also considered the report of Dr. Chastain, who treats plaintiff for her loss of vision. (R. 28).  Plaintiff asserts the ALJ failed to address the effects of monocular vision.  (Doc. 10 at 8). However, the hypothetical to the VE specifically included a limitation of blindness in one eye.  (R. 54). Additionally, the reports of Dr. Chastain reflect plaintiff's vision in her right eye, as corrected, was 20/20 and her intra-ocular pressure was good.  (R. 200, 237).  Thus, the court finds the ALJ had good cause for not giving substantial weight to Dr. Cole's opinion, that plaintiff would be limited to sedentary work, as the same was conclusory and not supported by his own medical records or the medical records of Dr. Chastain.  *See e.g., Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir.2004) (Good cause for not giving substantial weight to the opinion of treating physicians exists when: "(1) the treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.").

Plaintiff also faults the ALJ for not incorporating the limitations found by non-examining state agency physician Dr. James Kelly.  (Doc. 10 at 8).  Specifically, plaintiff states the ALJ did not incorporate the limitations of limited depth perception in both eyes, limited accommodation in the left eye, and field of vision limited left and right.  (*Id.*; *see* R. 63).  However, the ALJ included the limitation of no jobs requiring "far visual definition" and limitations of "visual deficits and ... blind in the left eye" when crafting hypotheticals for the VE (R. 54-55).  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant.  *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007).  The hypothetical

posed here included blindness in one eye, visual deficits, and the elimination of jobs which required far visual definition. The court finds no error in the hypothetical posed to the VE.

Finally, plaintiff argues that the ALJ should have recontacted either the treating physicians or obtained a consultative examination for clarification of Ms. Malone's functional limitations. (Doc. 10 at 8-9). Plaintiff does not identify what functional limitations needed clarification. Nothing in Dr. Cole's records suggests he treated plaintiff for anything which would result in functional limitations. Those records reflect treatment for well-controlled high blood pressure, a recent diagnoses of diabetes which had not resulted in any limitations, insomnia, and hyperlipidemia. Additionally, the only limitations plaintiff alleged were from glaucoma, which is well-documented in the record.

Medical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1520b(c)(1). However, a record need not be further developed if the ALJ has sufficient evidence to decide the case. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir.1997) (holding that where the record is complete and adequate to make a decision, no showing of prejudice is made). In considering whether the record is fully developed, this court must consider whether the record reveals evidentiary gaps which result in "unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).

No such gaps appear in the record before the court. The plaintiff alleged no limitations on her ability to walk, stand, lift, carry, or any other functional limitations apart from the limitations caused by her eyesight. Recontacting plaintiff's physicians or obtaining a consultative examination likely would not have clarified any functional limitations and, thus, not likely provided substantial evidence for limiting the plaintiff to light, unskilled work, as suggested by plaintiff. (Doc. 10 at 9). The court finds no error in the ALJ's failure to recontact plaintiff's physicians or seek a consultative examination.

## V. CONCLUSION

Upon review of the administrative record and considering all of Ms. Malone's arguments, the court finds the Commissioner's decision is supported by substantial evidence and is in accord with the applicable law.   Accordingly, the decision of the Commissioner is due to be **AFFIRMED**. A separate order will be entered.

**DONE** this 18th day of March, 2015.


STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE